JOHN LISCOM & another *vs.* THE BOSTON MUTUAL FIRE INSURANCE COMPANY.

A fire insurance company executed a policy insuring a three story brick building, called the Central Exchange, which was afterwards burned : A by-law of the company, attached to the policy when it issued, was in these words : " All policies, which may issue from this company, to cover property previously insured, shall be void, unless such previous insurance be expressed in the policy at the time it issues : " On the policy when it issued, was this memorandum : " Five thousand dollars insured by the Worcester Mutual Fire Insurance Company : " The prior insurance was, in fact, $4700 on the three story brick building and a two story wooden building connected therewith, which were called the Central Exchange, and $300 on a barn near the same : *Held*, in a suit on the second policy, that though a compliance with the said by-law was a condition precedent to the validity of the policy, yet that the said memorandum of the prior insurance was a sufficient compliance with the by-law, and that the defendants were liable on their policy.

The law of marine insurance respecting salvage does not apply to a fire policy issued by a mutual fire insurance company : On such a policy, the assured is entitled to recover the amount of his insurance, when the insured building is destroyed, without deducting the value of the materials which remain.

ASSUMPSIT on a policy of insurance dated November 22d 1839, whereby the defendants caused the plaintiffs to be

insured against loss by fire, under the conditions and limitations expressed in the defendants' by-laws, for the sum of $4000, on the three story brick building situatcd in Worcester, and known as the Central Exchange. The plaintiffs averred, in their first count, that before the execution of said policy the said building was insured by the Worcester Mutual Fire Insurance Company, for the sum of $5000, and that this was known to the defendants, and was expressed in the said policy at the time it issued. The second and third counts were like the first, except that the previous insurance on said building, by the Worcester Mutual Insurance Company, was averred, in the second count, to be $4200, and in the third, to be $4700. The plaintiffs claimed $4000, the whole amount of the policy, with interest after thirty days from notice given of the loss. The defendants filed a specification of their defence, as follows: " *First.* The three story brick building, known as the Central Exchange, and mentioned in the plaintiffs' declaration, had been previously insured, and was insured at the time the policy declared on issued, to wit, at the Worcester Mutual Fire Insurance Company, bearing date the 1st of February 1839, for seven years, which was not known to the defendants, or truly expressed in the policy issued by them, at the time it issued ; and the said policy is therefore void by the 16th article of the by-laws of the defendants, which are annexed to said policy, and make a part of the contract declared on, by which ' all policies, which may issue from this company, to cover property previously insured, shall be void, unless such previous insurance be expressed in the policy at the time it issues.' *Secondly.* That the premises alleged to be insured by the defendants, for the plaintiffs, were not insured at the Worcester office for $5000, as alleged by the plaintiffs. *Thirdly.* That the premises alleged to be insured at the Worcester office, were not insured by the defendants."

The trial was before *Wilde*, J. whose report thereof was as follows: The plaintiffs produced the policy declared on, and this memorandum was on the margin thereof: " Five thousand dollars insured by the Worcester Mutual Fire Insurance

Company." The defendants' by-laws were also attached to the policy, the 16th article of which was as set forth in the specification of defence. The plaintiffs also produced a policy procured at the Worcester office by one of them, as trustee, dated February 1st 1839, in which the property insured was described as follows: "On the Central Exchange in Worcester $4700, and on the barn near the same $300."

It was admitted that the policy in suit covered only the front part of the building, which was three stories high and made of brick, and not that part of the building which was only two stories high and made of wood; and that the whole building was burnt.

The defendants contended that the Worcester policy covered the whole, as well that made of wood as that made of brick; and they moved for a nonsuit, on the ground that it appeared by the plaintiffs' own showing, that the premises insured by the defendants had been previously insured, and that such previous insurance was not known to them, or had not been expressed, or not truly expressed, on the policy executed by the defendants at the time it issued, and that the premises insured at the different offices were different; only a part of those insured at the Worcester office being covered by the policy declared on; and that the latter policy was therefore void. This motion was overruled, and the question reserved for the decision of the whole court.

There was evidence tending to prove that the building might and ought to have been repaired, after the fire, or the old walls "been built to," instead of making new walls, and that thus the expense would have been less than the aggregate amount of the two policies, viz. nine thousand dollars. There was also evidence tending to prove that such a proceeding would not have been safe nor good policy.

The defendants were permitted to prove, and did prove, (the plaintiffs objecting to the evidence,) by the president of the Worcester Mutual Insurance Company, that the policy obtained at that office covered, and was intended to cover the whole building, that part which was three stories high and of

brick, as well as that which was two stories high and of wood; that at the date of the Worcester policy, the whole was considered as one building and insured for $4700; that subsequently, there ceased to be any connexion between the wooden and brick part of the building; though the witness did not know, except by report, when such connexion ceased.

It was proved by N. Hammond, that he, at the request of the president of the defendant company, examined this building, before the taking of the risk by the defendants, and gave notice to a person on the premises, who, as he understood, was the plaintiffs' agent, that he should advise the president not to take the risk, unless all connexion should cease between the brick and wooden parts of the building, and not to take the wooden part at any rate; and that he did so advise the president.

A witness, called by the defendants, estimated the loss of the two-story building at $800; and a witness, called by the plaintiffs, estimated the same loss at $500. And there was evidence tending to prove that the materials of the building, which were not destroyed by the fire, were worth $500.

On the point of damages, the jury were instructed that the plaintiffs were to be indemnified for their loss, to such amount, not exceeding the sum insured, as the jury should consider them entitled to, under the evidence in the case; that if the jury should be of opinion that the plaintiffs ought not to have taken down the old walls, but to have built up against them, then they would return a verdict for a partial loss; but if they should come to the conclusion that those walls were unsafe, and unfit to make use of, then they would find for a total loss (there being no dispute as to the total destruction of the premises, excepting said walls), deducting one third of the value of the materials saved; that being the proportion of the whole value of the premises insured by the defendants; with interest from thirty days after notice of the loss.

The jury returned a verdict against the defendants for a total loss, deducting therefrom one third of what they found

to be the value of the materials which remained, being $167, and interest as directed, making the amount $4091·73.

Verdict to be amended, or judgment rendered thereon, or to be set aside and judgment rendered for the defendants, or a new trial granted, as the case, in the opinion of the full court, shall require.

*Washburn,* for the defendants. Compliance with the 16th article of the defendants' by-laws was a condition precedent to the validity of the policy. The previous insurance was not truly stated, as to the amount. It was obtained by one of the plaintiffs only, and was not truly stated, as to that fact. *Jackson* v. *Massachusetts Mutual Fire Ins. Co.* 23 Pick. 418. If no statement of the former policy had been made, the latter policy would clearly have been void. Is a false statement better than none ? See *Ewer* v. *Washington Ins. Co.* 16 Pick. 502. The premises insured by the defendants were not the premises insured at the Worcester office for $5000. If they had been, the defendants would be liable. See *Gray* v. *Blanchard,* 8 Pick. 284. *Worsley* v. *Wood,* 6 T. R. 710. *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 496.

*C. P. Curtis,* for the plaintiffs. If there is any difference between the premises insured in the first and second policies, the statement of the insurance by the first indicated that *more* was already insured, than was in fact insured, and this was for the defendants' advantage.

The whole loss is to be paid on a fire policy ; especially where, as in the mutual offices in this State, not more than three fourths of the value can lawfully be insured. Rev. Sts. *c.* 37, § 28. There is no allowance for salvage, and no abandonment. *Strong* v. *Manufacturers' Ins. Co.* 10 Pick. 40. 2 Phil Ins. (2d ed.) 229.

HUBBARD, J. The principal question in the present case is, whether the defendants are discharged from their contract, by reason of a false description given to them of the prior policy procured by the plaintiffs at Worcester.

By the 16th article of the defendants' by-laws, it is provided that " all policies, which may issue from this company,

18 *

to cover property previously insured, shall be void, unless such previous insurance be expressed in the policy at the time it issues." The entry on the margin of the contract now in suit, which we consider of the like effect as if written in the body of the policy, is in these words; " five thousand dollars insured by the Worcester Mutual Insurance Company." And by the evidence it appears that the sum of $4700 was insured on the building, and $300 on a barn on the premises; and that the policy on the building included also a wooden end which was not covered by the defendants' policy.

It is contended that a compliance with the by-law above mentioned is a condition precedent to a recovery, in cases where it applies; and we incline to that opinion. By the terms of the by-law, the contract is void if the previous insurance is not expressed in the policy at the time it issues. This is not like a representation, on the effecting of a marine policy, which is not required to be made a part of the executed contract; but it is a condition upon which the contract rests, and consequently its insertion in the contract is necessary to give it validity. The great object of the provision is to guard against fraud by preventing insurances on property greatly above its value. The legislature were sensible of this exposure, on the part of insurers, to suffer by means of fraudulent losses, and they therefore prescribed, among other regulations for the government of Mutual Fire Insurance Companies, Rev. Sts. *c.* 37, § 28, that they might insure upon any building within the State, any amount not exceeding three fourths of the value thereof. The object of the by-law above recited is to give efficiency to this provision of the statute, by securing a timely notice of the existence of a previous insurance, if any, and thus to prevent the assuming of risks on the property, beyond three fourths of its value.

The defendants contend that the provision of this by-law has not been complied with, and that the present policy is therefore not binding on the defendants, by reason of the false description of the prior policy. This objection we have carefully considered. The by-law does not prescribe the terms of such notice, nor how much of the previous con-

tract shall be inserted. A literal recital of the terms of the prior contract is not required, but such a notice of the nature and amount of the insurance, as will give the necessary information to the party from whom a subsequent insurance is sought.

In this case the plaintiffs named a larger sum than was actually underwritten on the main or brick building; but the defendants were not deceived by the representation, nor induced to assume a greater risk than they otherwise would have done. This is obvious from the fact of their not insuring more than three fourths of the value of the building, upon the estimate of the plaintiffs, acted upon by them after the building had been examined by their own agent, in reference to the taking of this risk.

If the insurance had been represented as less than the fact, the defendants might have been induced to underwrite a larger sum than they otherwise would have done, and thus might have been injured by the misstatement; but not so where it was overstated.

The notice expressed in the policy, we think, was a substantial compliance with the requirements of the 16th article of the defendants' by-laws and a sufficient exposition of the fact of the former insurance, so as to give the defendants all the information material to be known in relation to the risk which they were requested to assume.

A question was also raised by the plaintiffs in regard to the direction given to the jury as to the amount of the loss; and in this respect we think the direction was erroneous. The law of marine insurance respecting salvage does not apply to the fire policies of mutual insurance companies. They assume the risk of only a certain part of the property, not usually, if ever, exceeding two thirds or three fourths of its value. In the event of loss, therefore, the contract being one of indemnity, the party is entitled to recover to the amount of that loss, if less than the sum insured; and if there is a total destruction of the property, then to the amount of the policy.

According to the agreement of the parties, the verdict is to be amended, and judgment rendered for a total loss.